IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON, | ) |
| Petitioner, | ) Civil Action No. 17-62 |
| | ) Judge David Stewart Cercone/ |
| v. | ) Chief Magistrate Judge Maureen P. Kelly |
| SCI-MERCER; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
| Respondents. | ) |

## ORDER

Andy Buxton ("Petitioner") initiated these proceedings under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on January 13, 2017. ECF No. 1. Petitioner is seeking to attack his Driving Under the Influence ("DUI") conviction and related convictions obtained in the Court of Common Pleas of Allegheny County. Commonwealth v. Buxton, CP-02-CR-0008697-2012 (Allegheny County CCP). The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly issued a Report and Recommendation (the "Report"), recommending that the Petition be dismissed for lack of jurisdiction because all custody stemming from the convictions that he challenged herein had long since ceased at the time that Petitioner initiated these proceedings. ECF No. 15. The Report was served upon Petitioner at his address of record and he was informed that he could file Objections to the Report. Petitioner filed his timely Objections on August 8, 2017. ECF No. 16. Those Objections do not merit rejection of the Report and Recommendation.

Petitioner seemingly contends that he is in custody for the DUI convictions that he seeks to attack herein because he suffers collateral consequences from those convictions. However,

"collateral consequences" stemming from a conviction do not render the person "in custody" for purposes of habeas corpus. Williams v. D.A. of Allegheny County No. Civ. A. 10-353, 2010 WL 4388073 (W.D. Pa. Oct. 29, 2010) ( "While collateral consequences of a conviction can prevent a habeas case from becoming moot if the habeas petitioner is released from custody while his petition is still pending, collateral consequences alone will not satisfy the jurisdictional 'in custody' requirement. *Maleng,* 490 U.S. at 492 ('the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it'). If the petitioner is not 'in custody' when he files his petition, any still-remaining collateral consequences of his conviction alone will not satisfy the jurisdictional 'in custody' requirement.").

Accordingly, after *de novo* review of the Report and Recommendation as well as the Objections and the record of this case, it is hereby **ORDERED** that the Report is adopted as the opinion of the Court and we hereby **ORDER** that the Petition be dismissed for lack of subject matter jurisdiction because, when Petitioner initiated these proceedings, he was no longer in custody pursuant to the DUI convictions that he sought to attack via this habeas petition. Because jurists of reason would not find this disposition debatable a certificate of appealability is **DENIED**.[1]

Date: August 16, 2017

David Stewart Cercone
United States District Judge

---

[1] Although the Objections are not entirely clear on this point, to the extent that Petitioner seeks to attack in his Objections his current conviction/sentence as having been unconstitutionally enhanced by the DUI conviction he attacks herein, he may do so by filing a Section 2254 Petition in this Court attacking the currently served sentence. But he may only do so on the ground that his previously served DUI conviction was obtained in a proceeding where there was a failure to appoint counsel in violation of the Sixth Amendment. Lackawanna County District Atty. v. Coss, 532 U.S. 394 (2001).

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Andy Buxton
MS1885
SCI Mercer
801 Butler Pike
Mercer, PA 16137
(*Via First Class Mail*)